UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARIA SIEROTOWICZ and STANISLAW
SIEROTOWICZ,

          Plaintiffs,

-against-

NEW YORK CITY HOUSING AUTHORITY,

          Defendant.
-------------------------------------------------------------------X
MARIA SIEROTOWICZ and STANISLAW
SIEROTOWICZ,

          Plaintiffs,

-against-

LOS SURES MANAGEMENT CO.,

          Defendant.
-------------------------------------------------------------------X
MARIA SIEROTOWICZ and STANISLAW
SIEROTOWICZ,

          Plaintiffs,

-against-

ST. NICHOLAS NEIGHBORHOOD PRESERVATION CORP.,

          Defendant.
-------------------------------------------------------------------X
MARIA SIEROTOWICZ and STANISLAW
SIEROTOWICZ,

          Plaintiffs,

-against-

NORTH BROOKLYN DEVELOPMENT CORP.;
PEOPLE'S FIREHOUSE,

          Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**04-cv-3148 (NGG) (LB)**

**04-cv-3886 (NGG) (LB)**

**04-cv-3887 (NGG) (LB)**

**04-cv-3888 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se plaintiffs Maria Sierotowicz ("Ms. Sierotowicz") and her father, Stanislaw Sierotowicz ("Mr. Sierotowicz") (together, "Plaintiffs"), brought these four actions alleging, inter alia, housing discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., against the above-captioned Defendants.[1] Defendants in each action moved for summary judgment. Upon referral, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") recommending that the court grant summary judgment against Plaintiffs on all claims. (See R&R 1 (Docket Entry #65).) Ms. Sierotowicz timely filed Objections to the R&R, and then moved to disqualify myself and Magistrate Judge Bloom from the case.[2] (See Plaintiff Maria Sierotowicz's Objections to the Magistrate Judge's Report and Recommendation ("Objections") (Docket Entry #66); Plaintiff Maria Sierotowicz's Motion to Disqualify Judges ("Motion to Disqualify") (Docket Entry #69).) As set forth below, Ms. Sierotowicz's Motion to Disqualify is denied. Following this court's de novo review of the record, Ms. Sierotowicz's Objections to the R&R are overruled and Judge Bloom's R&R is adopted in full. The court grants summary judgment to Defendants in each action.

I.     **MOTION FOR DISQUALIFICATION**

Following the issuance of the R&R, Ms. Sierotowicz moved to disqualify me and Magistrate Judge Bloom from presiding over her case. (See Motion to Disqualify.) Ms.

---

[1] Plaintiffs originally stated a variety of claims in each of these actions, including, but not limited to, their FHA claims. In multiple decisions rendered by this court and the Second Circuit Court of Appeals, the majority of Plaintiffs' claims were dismissed. (See R&R 3-8 (Docket Entry #65) (internal citations omitted)); see also Sierotowicz v. New York City Hous. Auth., 214 Fed. Appx. 101 (2d Cir. Jan. 25, 2007). Plaintiffs' FHA housing discrimination claims survived these orders. To the extent Plaintiffs continue to allege claims under the National Housing Act, the "National Housing Affordable Act," the Civil Rights Act (42 U.S.C. §§ 1981, 1983, and 1985), the Federal Tort Claims Act and the False Claims Act, the court adopts the R&R's conclusion that Plaintiffs fail to state a claim against any of the named Defendants under these statutes. (R&R 29.) As a result, any such remaining claims are dismissed. This Memorandum & Order considers the disposition of the FHA claims on summary judgment.

[2] Mr. Sierotowicz died on July 30, 2008. (See R&R 1 n.1.) As set forth in the R&R, Ms. Sierotowicz cannot act pro se as a representative of her deceased father's legal interests. (Id.) The Objections can therefore only be considered on behalf of Ms. Sierotowicz, and not both Plaintiffs. Regardless, the court notes that the Objections fail to raise any valid challenge to the R&R on behalf of either Plaintiff.

2

Sierotowicz's disagreement with the decisions of the court does not provide a legal basis for recusal or disqualification. See, e.g., Role v. Eureka Lodge No. 434, 402 F.3d 314, 318 (2d Cir. 2005). Plaintiff's Motion to Disqualify Judges is therefore DENIED.

## II. MOTIONS FOR SUMMARY JUDGMENT

### A. Standard of Review for R&R

The district court makes a de novo determination upon the record of any portion of a magistrate judge's recommended disposition to which specific written objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. § 72(b)(3). After considering such objections in light of the applicable law and the factual record, the district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); see also Grassia v. Scully, 892 F.2d 16, 19-20 (2d Cir. 1989). However, where a party "makes only conclusory or general objections, or simply reiterates his original arguments," the district court reviews the R&R only for clear error. McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (internal quotation omitted).

### B. Objections to the R&R

Familiarity with the R&R is assumed. In her objections to the R&R, Ms. Sierotowicz raises a host of generalized grievances regarding Magistrate Judge Bloom's recommendations. Ms. Sierotowicz argues that the R&R is "wholly erroneous," generally "converted" disputed facts into undisputed ones, and "violated the Rule governing trial by jury." (Objections 1-4.) Ms. Sierotowicz also accuses the court of criminal fraud in violation of 18 U.S.C. § 1001 and concealing or destroying evidence. (See id. at 1.) These general objections and allegations against the court lack any basis and are therefore overruled.

Ms. Sierotowicz further repeats the arguments she presented in opposition to summary judgment and objects to several legal conclusions in the R&R. Specifically, Ms. Sierotowicz

3

challenges Magistrate Judge Bloom's conclusions that there is no constitutional right to affordable housing and that waiting lists and lotteries for public housing are not unlawful practices, as well as Magistrate Judge Bloom's determination that Ms. Sierotowicz, who is not a lawyer, could not represent her deceased father in the litigation. (Id. at 5, 8-9, 10-11.) She also objects to the denial of a certificate of appealability. (Id. at 9-10.) These objections have no merit. The R&R correctly applied the governing law to each of these issues.

In an abundance of caution, the court has reviewed the record de novo despite Ms. Sierotowicz's generalized and conclusory objections. The court finds that the issues raised in Ms. Sierotowicz's Objections were properly considered and decided by Magistrate Judge Bloom in her thorough, well-reasoned R&R. The FHA claims fail to withstand summary judgment because Plaintiffs present no evidence to support their allegations of discrimination. In fact, Ms. Sierotowicz admitted her lack of evidence in her deposition testimony with respect to several claims. (See R&R 18 (quoting Deposition of Maria Sierotowicz, 488:25-489:10, 490:22-25) (stating "I don't have any evidence" and explaining "Always I put gender, religion or something, you know, make status. It's only my guessing at that time.").) The law is clear that "[c]onclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact" on summary judgment. Niagara Mohawk Power Corp. v. Jones Chemical, Inc., 315 F.3d 171, 175 (2d Cir. 2003) (internal quotations omitted). The court adopts the factual findings and legal conclusions of the R&R in full. Accordingly, summary judgment is granted to Defendants.

III. CONCLUSION

Ms. Sierotowicz's Motion to Disqualify is denied, and her Objections are overruled. The court grants summary judgment to Defendants on all claims of housing discrimination. To the extent Plaintiffs maintain claims under the National Housing Act, the "National Housing Affordable Act," the Civil Rights Act (42 U.S.C. §§ 1981, 1983, and 1985), the Federal Tort

4

Claims Act and the False Claims Act, those claims are dismissed for failure to state a claim upon which relief can be granted. The court declines to exercise supplemental jurisdiction over any pendent state law claims. See 28 U.S.C. § 1367(c)(3). The R&R is adopted in full.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
July 20, 2009

/S/
NICHOLAS G. GARAUFIS
United States District Judge